IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| PRISCILLA PRIESTLEY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| GEORGIA WINES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Priscilla Priestley ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Georgia Wines, Inc. ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's retaliation against Plaintiff, which violates Title VII of the Civil Rights Act ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to 42 U.S.C. § 2000e-5(f)(3).

3.

Defendant resides in this District in that it conducts sufficient business in this District to be subject to this Court's personal jurisdiction. In addition, the unlawful employment practices alleged in this Complaint were committed within this District. In accordance with 28 U.S.C. § 1391(b)(1) & (2) and 42 U.S.C. §2000e-5(f)(3), venue is appropriate in this Court.

## PARTIES AND ADMINISTRATIVE PREREQUISITES

4.

Plaintiff is a Georgia resident and is subject to jurisdiction in this Court.

5.

Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Defendant's retaliation against Plaintiff. Upon Plaintiff's request, the EEOC issued a Notice of Right to Sue with respect to the EEOC Charge and Plaintiff now commences this action less than 90 days from the date the Notice of Right to Sue was issued.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Tara Taymore, 6469 Battlefield Parkway, Ringgold, GA 30736.

**FACTUAL ALLEGATIONS**

7.

Plaintiff began her employment with Defendant in February 2019 as a sales associate. At the time of her termination in September 2020, Plaintiff was the Tasting Room Manager.

8.

On or about September 13, 2020, a sales associate, Abbey, complained to Plaintiff that Defendant's Assistant Manager, Kevin Basket, inappropriately touched her and that she felt uncomfortable.

9.

On or about September 15, 2020, Plaintiff provided a written account of Abbey's sexual harassment complaint against Basket to the Senior Manager, Courtney Ramey, and Defendant's owner, Tara Taymore. Plaintiff also suggested there be a policy in place to handle these situations.

10.

On September 19, 2020, Ramey terminated Plaintiff's employment.

11.

Up to the date of Plaintiff's termination, Plaintiff did not have any performance issues or performance write ups, and she had recently been acknowledged as Defendant's employee of the month.

12.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation for Plaintiff engaging in protected activity.

13.

Defendant terminated Plaintiff because of her protected activity.

14.

As a result of the retaliation, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNT I

## RETALIATION IN VIOLATION OF TITLE VII

15.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

16.

Plaintiff's complaint and opposition to sexual harassment constitute protected activity under Title VII.

17.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

18.

There was a causal connection between the protected conduct and the adverse action of termination.

19.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

20.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

21.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

(a)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Special damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which Plaintiff may be entitled.

This 5TH day of November, 2020.

**BARRETT & FARAHANY**

s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com